**Orton P. JACKSON et al.**

**v.**

**TOWN OF KENNEBUNK et al.**

Supreme Judicial Court of Maine.

Argued June 8, 1987.

Decided July 8, 1987.

E. Stephen Murray, John C. Bannon (orally), Murray, Plumb & Murray, Portland, for plaintiffs.

Durward W. Parkinson (orally), Bernstein, Shur, Sawyer & Nelson, Kennebunk, for Kasprzak, Inc.

Karen B. Lovell (orally) Smith & Elliot, Saco, for Town of Kennebunk.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

Orton and Ann Jackson, plaintiffs in this action for review pursuant to M.R. Civ.P. 80B, appeal from the judgment of the Superior Court, York County, affirming the decision of the Kennebunk Planning Board (Board) to approve a subdivision. We find the plaintiffs' contention that the Planning Board had no authority to reconsider its initial disapproval of a subdivision plan without merit and affirm the judgment. We also determine that the plaintiffs' appeal is frivolous and impose treble costs and attorneys' fees against the plaintiffs pursuant to M.R. Civ.P. 76(f).

On September 16, 1985, the Board met to consider acceptance of the final plans for a subdivision to be known as "River Locks" submitted by the defendant Kasprzak, Inc. A motion to approve the subdivision failed by a tie vote of the Board. After a short recess the Board voted unanimously to consider a proposal from Kasprzak, Inc. followed by comments from other interested parties. Kasprzak, Inc. then proposed to modify its subdivision plan to provide that two of six riverfront lots would be forever preserved as open space. Proponents and opponents of the subdivision plan, including the plaintiffs' attorney, were permitted an opportunity to comment briefly on the revised plan.[1] Immediately thereafter the Board approved the subdivision plan with the proposed modification incorporated as a condition to its approval.

■ On appeal, the sole issue presented is whether any preexisting rules or otherwise controlling law prohibited or was inconsistent with the Board's procedure in reconsidering acceptance of the subdivision plan. We find no merit in the plaintiffs' contention that the Board could not follow the procedure adopted unless expressly authorized by statute or ordinance. We have previously stated that "In the absence of a controlling agency rule or a contrary requirement of statutory and constitutional

---

1. The plaintiffs were represented by counsel at several previous Board meetings and a public

hearing when the subdivision plan had been the subject of consideration.

law, the procedure adopted by an administrative agency in any particular case should receive the deferential respect of a reviewing court." *Town of Wiscasset v. Board of Environmental Protection*, 471 A.2d 1045, 1048 (Me.1984). The plaintiffs make no contention, and can make none, that the procedure adopted by the Board for its reconsideration of the subdivision plan violated due process or procedural fairness. The Board had no standing rules on the subject, and we find nothing in statutory or constitutional law that is prohibitive of or inconsistent with the procedure followed by the Board in its reconsideration of the subdivision.

The first vote of the Board did not, as plaintiffs contend, constitute a final decision subject only to judicial review. *See* K. Davis, 2 *Administrative Law Treatise* § 18.09, p. 606 (1958). Such a characterization would severely impede the legal functioning of the Board and needlessly burden the court system.

■ In its decision on this matter the Superior Court stated that had it the authority pursuant to M.R. Civ.P. 76(f) to do so, it would have imposed sanctions against the plaintiffs because of "the exhaustive review process which this application has undergone and the lack of legal substance supporting the issues" raised by the plaintiffs. In our own careful review of this record we find no support for the plaintiffs' appeal. The frivolous nature of this appeal has not only delayed the finality of the judgment entered by the Superior Court, but increased the costs of litigation and dissipated the time and resources of this court. Accordingly, pursuant to M.R. Civ.P. 76(f), the plaintiffs shall pay treble costs and $500 on account of attorneys' fees to both the Town of Kennebunk and to Kasprzak, Inc.

The entry is:

Judgment affirmed. Plaintiffs shall pay treble costs and $500 on account of attorneys' fees to each of the defendants.

All concurring.