STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-09-024

JADD, LLC and
DIANE LEMENAGER,

          Plaintiffs

v.

**JUDGMENT**

THE INHABITANTS OF THE
TOWN OF OLD ORCHARD BEACH,

          Defendant

This is a Rule 80B Appeal from a decision of the Old Orchard Beach Zoning Board of Appeals. Following hearing and review of the administrative record, the appeal is Denied.

The Plaintiffs own an unimproved parcel of land which is adjacent to other land they own. They sought a permit to construct a seasonal dwelling on the unimproved parcel. The town's code enforcement officer denied the request and referred the Plaintiffs to the Z.B.A., where they sought a hardship variance. After a presentation to the Z.B.A. in March 2009, the board voted to grant the variance. However, a neighbor, who had submitted a written objection to the Z.B.A., which was considered at the original hearing, filed a timely request for reconsideration.

The request for reconsideration was first considered at an April Z.B.A. meeting and the motion failed on a tie vote of two to two, with one abstention. The abstention was based on the fact that the abstaining board member had not participated in the original hearing at which the variance was granted. There followed a prolonged discussion about whether or how to proceed.

The Z.B.A. decided to table the motion to reconsider until the board member who participated in the original hearing was available to hear and vote on the motion to reconsider. This meeting occurred in May. The Z.B.A. then voted 3 to 2 to reconsider the original grant of a variance and then conducted a new hearing on the request for a variance. That request also failed on a 3 to 2 vote. This denial of the requested variance is the subject of this appeal.

The Plaintiffs argue that the motion to reconsider was presented, heard and failed on a tie vote and no further action on that motion was authorized or appropriate. The town argues that the Z.B.A.'s actions did not violate any statute, ordinance or by-law of the board and should be viewed deferentially by the Court.

The parties agree that the town has no written procedure concerning requests for reconsideration of administrative decisions. They also agree that the board's actions in this case occurred within the time limits prescribed by 30-A M.R.S.A. §2677(3)(F).

While perhaps irregular, the procedure utilized by the Z.B.A. did not contradict any local ordinance or state statute. All decisions were made at open meetings with the Plaintiffs present and able to participate. Given the divided opinion on the Z.B.A. (the challenged vote to grant the variance was 3-2), it was not unreasonable for the Board to want the request to reconsider be heard by the same members who originally voted on the variance. In such circumstances, the Law Court has indicated that administrative boards should be accorded some latitude to fashion procedures as needed for their efficient functioning, provided these are basically fair to all parties. See e.g. *Town of Wiscasset v. Board of Environmental Protection, et al.*, 471 A.2d 1045 (Me. 1984); *Jackson v. Town of Kennebunk*, 530 A.2d 717 (Me. 1987). While no doubt frustrating to the Plaintiffs, there has been no showing of a violation of state or local law and no showing of fundamental unfairness.

The entry will be as follows:

The Plaintiffs' Rule 80B appeal is Denied; the Z.B.A.'s decision is Affirmed.

The clerk may incorporate this order in the docket by reference.

Dated:       April *14* , 2010

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF"S ATTORNEY:
BRUCE M. READ, ESQ.
SHEPARD & READ
93 MAIN ST
KENNEBUNK ME    04043

DEFENDANT"S ATTORNEY:
SHANA COOK MUELLER, ESQ.
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME    04104-5029

3